DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
WAYNE A. SINGLETON,

                Petitioner,  **MEMORANDUM**
                  **AND ORDER**
    -against-
                  10-CV-5037 (KAM)
ROBERT CUNNINGHAM, Superintendent,

                Respondent.
------------------------------------------------------------X
MATSUMOTO, United States District Judge:

        Petitioner Wayne A. Singleton ("petitioner"), appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

        On February 15, 1985, petitioner was convicted in the Supreme Court of the State of New York, Queens County, of murder in the second degree and robbery in the first degree and sentenced to two concurrent terms of 12 ½ years to 25 years and 25 years to life imprisonment. (*See* Petition ("Pet.") at ¶¶ 1-5.) On November 14, 1988, the Appellate Division affirmed the conviction, *People v. Singleton*, 144 A.D.2d 504 (2d Dep't 1988), and the New York Court of Appeals denied leave to appeal on January 13, 1989, *People v. Singleton*, 73 N.Y.2d 896 (1989). Petitioner did not file a writ of certiorari to the United States Supreme Court. (*See* Pet. at ¶ 9(h).)

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about April 13, 1989, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Because petitioner's conviction became final prior to the effective date of the AEDPA, he was entitled to a one-year grace period in which to file his habeas corpus petition, *i.e.*, until April 24, 1997. *See Carey v. Saffold*, 536 U.S.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

214, 217 (2002). Instead, this petition dated October 25, 2010, *see, e.g., Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (applying prison mailbox rule to federal habeas corpus petitions), was filed long after the one-year grace period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

I. <u>Tolling</u>

A. *Statutory Tolling*

In calculating the one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey*, 536 U.S. at 219-21.

Here, petitioner filed a post-conviction motion pursuant to N.Y. Criminal Procedure Law § 440.10 ("440 motion") on October 22, 1996 which remained pending until August 7, 1997. (Pet. at ¶ 11(a); Exhibit No. 7.) Petitioner filed a second 440 motion on March 18, 2008 which remained pending until April 24, 2009, (*see* Pet. at ¶ 11(b); Exhibit Nos. 14-15), and a writ of *error coram nobis* on February 12, 2010 which remained pending until June 14, 2010, (*see* Pet. at ¶ 11(c); Exhibit No. 17).

3

However, none of these post-conviction motions can serve to render this petition timely-filed. Although the first 440 motion did toll the grace period from April 24, 1997 to August 7, 1997, the second 440 motion was filed over ten years later in 2008 and the writ of error coram nobis was filed in 2010, both long after the grace period (including any statutory tolling from the first 440 motion) had already expired. Therefore, statutory tolling is not available pursuant to § 2244(d).

B. *Equitable Tolling*

The limitations period may also be equitably tolled. *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (June 14, 2010); *Smith*, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). While petitioner provides a statement in support of the timeliness of this petition, (*see* Pet. at ¶ 18), in light of his *pro se* status, the Court provides him another opportunity to demonstrate whether equitable tolling should apply to this petition.

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner should present any facts which would support equitable tolling of the period of limitations.

---

[2] An affirmation form is attached to this order for petitioner's convenience.

4

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**SO ORDERED.**

_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
November 8, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

WAYNE A. SINGLETON,

                Petitioner,

    -against-

ROBERT CUNNINGHAM, Superintendent,

                Respondent.
————————————————————X

**PETITIONER'S AFFIRMATION**

**10-CV-5037 (KAM)**

      WAYNE A. SINGLETON, appearing *pro se,* makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**_____

    In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

                                                _____
                                                Signature & Identification Number

                                                _____
                                                Address

                                                _____

                                                _____
                                                City, State & Zip Code