```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
WAYNE SINGLETON, *pro se*,                  **NOT FOR PRINT OR**
                                            **ELECTRONIC PUBLICATION**
                    Petitioner,
                                            **MEMORANDUM & ORDER**
        -against-                           10-CV-5037 (KAM)

ROBERT CUNNINGHAM, Superintendent of
Woodbourne Correctional Facility,

                    Respondent.
------------------------------------X
```

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

*Pro se* petitioner Wayne Singleton ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus, dated Oct. 25, 2010 ("Pet.").) Respondent Robert Cunningham, the Superintendent of Woodbourne Correctional Facility, ("respondent") moves to dismiss the petition on the ground that it is time barred. (*See generally* ECF No. 10, Notice of Motion to Dismiss *Habeas Corpus* Petition Pursuant to 28 U.S.C. § 2244(d)(1); Affirmation of John Castellano ("Castellano Aff."); Memorandum of Law in Support of Dismissal of Petition for a Writ of *Habeas Corpus* ("Resp. Mem.").) Also before the court is a letter from petitioner, which the court construes as an opposition to respondent's motion to dismiss and an application for appointment of counsel. (*See* ECF No. 14, Letter dated March 6, 2010 ("Pet. Opp.").) For

1

the reasons set forth below, the respondent's motion to dismiss the petition for a writ of habeas corpus is granted in its entirety and petitioner's application for appointment of counsel is denied.

**BACKGROUND**

I. **Procedural History**

On October 25, 2010, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See generally* Pet.)  The petition arises from petitioner's conviction, on March 11, 1985, after a jury trial in Supreme Court, Queens County, for murder in the second degree, in violation of New York C.P.L. § 125.25(3), and robbery in the first degree, in violation of New York C.P.L. § 160.15. (*See* Castellano Aff. at ¶ 2.)  Petitioner was sentenced to, and is currently serving, concurrent periods of incarceration of twenty-five years to life for the murder conviction and twelve and one-half to twenty-five years for the robbery conviction. (*Id.*)

On March 27, 1985 and April 1, 1985, petitioner filed notices to appeal his conviction. (Castellano Aff. at ¶ 4.)  In November 1987, petitioner, through counsel, perfected his appeal to the Appellate Division. (*Id.* at ¶ 5.)  Respondent summarizes petitioner's arguments on appeal as follows: (1) petitioner received ineffective assistance of trial counsel; (2) petitioner

was denied the right to counsel due to the trial court's denial of petitioner's motions to relieve trial counsel; (3) the trial court erred in refusing to suppress a statement made by petitioner in the absence of his counsel; and (4) the State failed to corroborate the testimony of an accomplice. (*See id.*) Petitioner also filed a *pro se* supplemental brief alleging that he was denied a fair trial due to the conduct of the trial prosecutor. (*Id.* at ¶ 8.) On November 14, 1988, the Appellate Division affirmed petitioner's conviction. (*Id.* at ¶ 10); *see also People v. Singleton*, 534 N.Y.S.2d 191 (2d Dep't 1988). On December 6, 1988, petitioner, acting through counsel, sought review of the Appellate Division's decision in the Court of Appeals. (Castellano Aff. at ¶ 11.) The Court of Appeals denied the request for review on January 13, 1989. (*Id.* at ¶ 12); *see also People v. Singleton*, 538 N.Y.S.2d 808 (1989).

On September 5, 1996, petitioner, acting *pro se*, filed a motion to vacate judgment in the Supreme Court, Queens County pursuant to New York C.P.L. § 440.10(1)(c), (d), (f) and (h), and C.P.L. § 440.20. (Castellano Aff. at ¶ 13.) According to respondent, petitioner argued that: (1) trial counsel failed to confer with petitioner and failed to make a sufficient record at a *Huntley* hearing of petitioner's intoxication at the time of his arrest; (2) trial counsel failed to present material evidence at the *Huntley* hearing; (3) the trial court wrongly

3

refused to grant petitioner's repeated motions to relieve trial counsel; (4) trial counsel failed to object to prejudicial remarks by the prosecutor; (5) the trial prosecutor knowingly withheld information from the arresting detective, and the arresting detective and prosecutor deliberately shielded themselves from knowledge of petitioner's representation by an attorney in a then-pending case; (6) the trial prosecutor improperly questioned petitioner when he asked petitioner whether the detective had been lying; and (7) the trial prosecutor improperly shifted the burden of proof. (*Id.*) On November 13, 1996, the Supreme Court denied petitioner's post-judgment motion in its entirety, on the grounds that petitioner's claims had either been addressed during his direct appeal or, alternatively, could have been addressed in petitioner's direct appeal. (*Id.* at ¶ 14.) Petitioner failed to timely appeal the trial court's order denying his post-judgment motion to the Appellate Division; instead, petitioner did not file his appeal until March 20, 1997. (*Id.* at ¶¶ 16, 17.) On August 7, 1997, the Appellate Division denied petitioner's request for leave to appeal. (*Id.* at ¶ 20.)

Almost eleven years later, on March 18, 2008, petitioner, appearing *pro se*, again moved in the Supreme Court to vacate his judgment and conviction, arguing that: (1) he was denied a fair trial because minutes of pre-trial adjournments

were not transcribed; (2) the trial court mistakenly denied his request for new counsel; (3) the trial court erred in not suppressing petitioner's statement to the police; and (4) petitioner's trial attorney was ineffective. (Castellano Aff. at ¶ 21.) According to respondent, on August 20, 2008, the trial court denied petitioner's motion, ruling that the claim regarding the purportedly missing minutes was not properly raised in a motion to vacate judgment, and that the remaining claims were subject to mandatory procedural bars because petitioner had already raised them on direct appeal and they had been adjudicated against him. (*Id.* at ¶ 24.) On December 2, 2008, petitioner sought leave to appeal the denial of his second post-judgment motion to the Appellate Division. (*Id.* at ¶ 27.) The Appellate Division denied this request on February 13, 2009. (Castellano Aff. at ¶ 31.) On March 10, 2009, petitioner moved in the Appellate Division for leave to appeal to the Court of Appeals the Appellate Division's denial of leave to appeal the decision on his post-judgment motion. (*Id.* at ¶ 33.) The Appellate Division denied this request on April 24, 2010. (*Id.* at ¶ 37.)

On August 22, 2009, petitioner filed an application for a writ of error *coram nobis* in the Appellate Division, alleging that the absence of critical minutes that bore directly on appellate issues had rendered his appellate counsel

ineffective because he was not able to fully develop certain appellate arguments. (Castellano Aff. at ¶ 39.) The Appellate Division denied petitioner's application on February 23, 2010. (*Id.* at ¶ 42.) On March 25, 2010, petitioner sought leave to appeal the denial to the Court of Appeals, which the Appellate Division denied on June 14, 2010. (*Id.* at ¶ 48.) Finally, on June 23, 2010, petitioner applied directly to the Court of Appeals for leave to appeal the Appellate Division's denial of his application for a writ of error *coram nobis*. (*Id.* at ¶ 49.) The Court of Appeals denied petitioner's application for leave to appeal on July 14, 2010. (*Id.* at ¶ 52); *see also People v. Singleton*, 15 N.Y.3d 778 (2010).

### III. Proceedings in this court

Petitioner filed a writ of habeas corpus in this court on October 25, 2010. (ECF No. 1, Pet.) Recognizing that petitioner's claim was potentially barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the court ordered petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 2, Mem. and Order dated Nov. 8, 2010.) The court specifically directed petitioner to present any facts that would support equitable tolling of the period of limitations. (*Id.*)

Petitioner filed an affirmation on November 26, 2010, addressing the court's concerns about the statute of limitations. (ECF No. 3, Petitioner's Affirmation, dated Nov. 26, 2010 ("Pet. Aff.").) In response, the court ordered respondent file a complete and entire answer or other pleading in response to the petition within sixty days. (ECF No. 4, Order dated Dec. 8, 2010.) Accordingly, respondent filed a motion to dismiss the petition on February 7, 2011. (ECF No. 10, Notice of Motion to Dismiss *Habeas Corpus* Petition Pursuant to 28 U.S.C. § 2244(d)(1).) Petitioner responded on March 9, 2011 and included in his response a request for the appointment of counsel. (ECF No. 14, Letter dated March 6, 2011.)

### DISCUSSION

**I. The Petition is Time Barred**

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the AEDPA. The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 546 (2d Cir. 2009); *Clark v. Artus*, No. 09-CV-3577, 2010 U.S. Dist. LEXIS 33096, at *8 (E.D.N.Y. Apr. 1, 2010). Prisoners whose convictions became final prior to the effective date of the AEDPA, April 24, 1996,

7

had a grace period of one year thereafter in which to file their habeas corpus petitions. *Ross v. Artuz*, 150 F.3d 97, 101-02 (2d Cir. 1998); *Infante v. Artuz*, No. 99 CV 8640, 2002 U.S. Dist. LEXIS 4824, at *5-6 (E.D.N.Y. Feb. 12, 2002) (citing *Ross*) (In cases where a prisoner's conviction became final before the AEDPA's effective date, "a prisoner must be afforded a one-year grace period from the statute's effective date in which to file for federal habeas relief."). Pursuant to the AEDPA, the limitation period runs

> from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Clark*, 2010 U.S. Dist. LEXIS 33096, at *8-9. Because petitioner states no facts indicating that subsections (B) or (C) apply, the court will examine subsections (A) and (D).

8

First, under subsection (A), the court considers when petitioner's conviction became final.  The one-year limitation period may be tolled for statutory or equitable reasons.  Pursuant to the AEDPA, the limitations period is tolled while a state prisoner seeks post-conviction relief in state court: The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under that subsection.  28 U.S.C. § 2244(d)(2); *see Lawrence*, 549 U.S. at 331; *Clark*, 2010 U.S. Dist. LEXIS 33096, at *9.

Furthermore, the one-year limitation period may be tolled for equitable reasons.  *See Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002).  "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (holding that equitable tolling is only available when the petitioner is prevented from timely filing by circumstances beyond his control and acted with reasonable diligence throughout the period he seeks to toll).  Equitable tolling is available only in "rare and exceptional

circumstance[s], and where the petitioner demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks and citations omitted). "The term extraordinary does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* at 231-32 (internal quotation marks and citations omitted). Further, petitioner has the burden to establish that he exercised reasonable diligence in discovering the factual predicate of his habeas claims. *See Shabazz v. Filion*, No. 02-CV-939, 2006 U.S. Dist. LEXIS 73356, at *15-16 (N.D.N.Y. Jan. 25, 2006) (collecting cases).

Petitioner completed his direct appeal in state court on January 13, 1989. *People v. Singleton*, 534 N.Y.S.2d 191 (2d Dep't 1998). As the AEDPA became effective on April 24, 1996, petitioner was afforded a one-year grace period in which to file an application for a writ, until April 24, 1997. *Ross*, 150 F.3d at 101-02. Petitioner filed a post-judgment motion on September 5, 1996. (Castellano Aff. at ¶ 13.) Litigation on the post-judgment motion was completed on August 7, 1997, when the Appellate Division denied petitioner's motion for leave to

appeal the denial of petitioner's post-judgment motion to the Court of Appeals. (*Id.* at ¶ 20.) Thus, the statute ran for approximately five months from the time the AEDPA became effective on April 24, 1996 to September 5, 1996, when petitioner filed his motion to vacate judgment pursuant to C.P.L. § 440. During the approximately eleven-month period from September 1996 to August 7, 1997, the statute of limitations was tolled. When the statute began running again after August 7, 1997, after the Appellate Division denied petitioner leave to appeal to the Court of Appeals, petitioner had seven months remaining on the one-year statute of limitations. When he did not file his petition by March 1998, seven months later, the statute of limitations expired. Petitioner's next action in state court was in 2008, and petitioner did not file the instant petition until October 25, 2010. Accordingly, the petition is barred by the one-year statute of limitations imposed by AEDPA.

Nor is the petition made timely through application of equitable tolling. Although petitioner does not explicitly argue that his petition should be equitably tolled, he argues that the court should "excuse any and all defects in petitioner's timeliness" because "petitioner has been diligently trying to exhaust the constitutional claims of inadequate representation received from [t]rial counsel" and "sought with due diligence to have the [trial court] determine upon the

record the merit of petitioner's allegations that his rights . . . were violated." (ECF No. 3, Pet. Aff. at 1, 6.) Petitioner also argues that his petition should be tolled because he "fully believed he had a right under State Law to raise . . . the constitutional challenges addressed in this petition." (*Id.* at 2.) In response, respondent argues that petitioner has not demonstrated the "extraordinary circumstances" required to equitably toll a petition for habeas corpus. (ECF No. 10, Resp. Mem. at 15-16 (citing *Holland v. Florida,* ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010).)

The court agrees that petitioner has not sustained his burden to demonstrate his entitlement to equitable tolling. As discussed above, equitable tolling is available in "rare and exceptional circumstances" if petitioner can show that (a) "extraordinary circumstances prevented him from filing his petition on time" and (b) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted). Ignorance of the law by a *pro se* inmate does not constitute an extraordinary circumstance that warrants equitable tolling. *See, e.g.*, *Bowman v. Walsh*, No. 07-CV-3586, 2007 U.S. Dist. LEXIS 71060, at *4-5 (E.D.N.Y. Sept. 24, 2007). Here, there is no indication that petitioner "diligently" pursued his rights or that any "extraordinary" circumstances prevented him from filing

his petition within the one-year limitation period. Accordingly, the petition was not timely filed and is barred by the statute of limitations set forth in the AEDPA.

The court next considers whether subsection (d)(1)(D) of 28 U.S.C. § 2244 applies to the instant petition. In contrast to § 2244(d)(1)(A), discussed *supra*, which sets forth a statutory tolling mechanism, section § 2244(d)(1)(D) "is not a tolling provision that extends the length of the available filing time . . . . Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." *Pisciotta v. Unger*, No. 10 CV 5451, 2011 U.S. Dist. LEXIS 24575, at *14 (S.D.N.Y. Mar. 11, 2011) (citing *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).) Pursuant to subsection (D), a petition for a writ of habeas corpus is timely filed if filed within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is petitioner's burden to show that he exercised due diligence in discovering the factual predicates of his claim. *Shabazz v. Filion*, 402 F. App'x 629, 630 (2d Cir. Dec. 6, 2010).

Petitioner argues that his trial counsel failed to argue that the indictment against him was "duplicitous." (ECF No. 3, Pet. Aff. at 3-4). The respondent points out, however,

that to the extent that petitioner claims a violation of his Sixth Amendment rights due to ineffective counsel and failure to raise this issue, the factual predicate for that claim arose at the time of his trial. (ECF No. 10, Resp. Mem. at 18-19, 22.) The court agrees. Petitioner has not sustained his burden to show why he was unable to discover the allegedly duplicitous claim until over twenty years after his conviction.

Next, petitioner argues that it was not until the year 2000, while incarcerated, that petitioner "finally obtain[ed] [certain] certified copies of the un-transcribe [sic] (missing) stenographic minutes" that formed the basis of his claim for ineffective assistance of counsel. (*See, e.g.,* ECF No. 3, Pet. Aff. at 3.) To the extent that petitioner claims a violation of his constitutional rights due to the government purportedly withholding transcripts, and, even if the court accepts petitioner's claim that he diligently pursued his claim between the time his conviction became final and when he received the purportedly missing transcripts, petitioner has provided no explanation regarding the delay in filing his petition for a writ of habeas corpus since he received those transcripts in 2000.

Accordingly, the court finds that "a duly diligent person in petitioner's circumstances' would have discovered the evidence" underlying his claims by the year 2000, at the latest.

*See Rivas v. Fischer*, 294 F. App'x 677, 679 (2d Cir. Oct. 2, 2008). Accordingly, § 2244(d)(1)(D) does not provide a basis upon which petitioner may timely pursue his petition for a writ of habeas corpus.

**II. Petitioner's Request for Counsel is Denied**

In his response to respondent's motion to dismiss, petitioner requests the appointment of counsel. (ECF No. 14, Pet. Opp. at 1.) For the reasons set forth below, petitioner's request is denied.

Title 28 U.S.C. § 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel." A litigant seeking counsel must meet two threshold requirements: 1) financial hardship and 2) a legal claim or defense "'likely to be of substance'" or that has "'some chance of success.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (*quoting Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)).

Here, petitioner's habeas petition is untimely and has no chance of success. As set forth in detail above, not only is the petition untimely, but petitioner has not made any legally cognizable arguments in support of equitable tolling. Accordingly, petitioner's application for appointment of counsel is also denied.

## CONCLUSION

Respondent's motion to dismiss the petition is granted and petitioner's application for the appointment of counsel is denied. The Clerk of Court is respectfully requested to enter judgment and close this case. Respondent shall serve petitioner with a copy of this Memorandum and Order and file a declaration of service by June 7, 2011.

**SO ORDERED.**

Dated: June 6, 2011
       Brooklyn, New York

                                                   _____/s/_____
                                                   KIYO A. MATSUMOTO
                                                   United States District Judge
                                                   Eastern District of New York